## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

CHRISTOPHER D. FINDLAY,
    Appellant,

    v.

DEPARTMENT OF LABOR,
    Agency.

DOCKET NUMBER
DC-3443-16-0073-I-1

DATE: August 19, 2016

# THIS FINAL ORDER IS NONPRECEDENTIAL[*]

<u>Christopher D. Findlay</u>, Fairfax, Virginia, pro se.

<u>Elizabeth Lopes Beason</u>, Washington, D.C., for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed for lack of jurisdiction his appeal regarding a nonselection for promotion. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application

---

[*] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2 The appellant, a GS-14 Industrial Hygienist, filed an appeal challenging his nonselection for promotion to a Supervisory Industrial Hygienist position for which he applied. Initial Appeal File (IAF), Tab 1 at 6. The appellant characterized the agency's action as a negative suitability determination. *Id.* at 4. He stated that he was twice interviewed and had been performing the duties of the supervisory position for the previous 2 years. *Id.* at 6. He listed numerous complaints about the selection process. *Id.* The administrative judge issued the parties a jurisdictional show cause order. IAF, Tab 4. The appellant filed several responses, which focused on the merits of his appeal. IAF, Tabs 5-6, 8. He also provided information related to his grievance and Freedom of Information Act (FOIA) request concerning an alleged improperly prepared certificate of eligibles for the Supervisory Industrial Hygienist position. IAF, Tabs 7, 9. Lastly, he filed a complaint stating that the agency failed to respond to the show cause order. IAF, Tab 10. The administrative judge dismissed the appeal for lack of jurisdiction without holding a hearing. IAF, Tab 11, Initial Decision (ID).

¶3      The appellant has filed a petition for review requesting that the Board keep his case open until the agency responds to his FOIA request, which he believes will produce evidence that the agency "engaged in preselection."   Petition for Review (PFR) File, Tab 1 at 4.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶4      As stated in the initial decision, the Board's jurisdiction is limited to those matters over which it has been given jurisdiction by law, rule, or regulation. ID at 2 (citing *Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985)).   Nonselection is not an appealable adverse action pursuant to 5 U.S.C. chapter 75.   5 U.S.C. §§ 7512, 7513(d).   However, an employee may appeal his nonselection for a position or a promotion by other statutory means, such as under the Veterans Employment Opportunities Act of 1998, if he claims that the agency violated his rights under a statute or regulation relating to veterans' preference, the Uniformed Services Employment and Reemployment Rights Act, if he claims discrimination based on his uniformed service, or through an individual right of action appeal, if he claims retaliation for whistleblowing or certain protected activity.   *Becker v. Department of Veterans Affairs*, 107 M.S.P.R. 327, ¶¶ 5‑12 (2007).   As was the case in the appellant's numerous responses below, he has provided no evidence or argument in his petition for review that would support a finding of Board jurisdiction on any of these grounds.

¶5      The appellant's negative suitability determination claim against the agency is not an appealable action.   As stated in the initial decision, the relevant suitability regulations provide that a nonselection for a specific position is not an appealable suitability action.   ID at 3 (citing 5 C.F.R. § 731.203).   The administrative judge properly concluded that the Board lacks jurisdiction to consider the appeal pursuant to 5 C.F.R. part 731.

¶6        The appellant's pending FOIA request is immaterial to the jurisdictional issues.  He claims to be seeking information about the selection process that will reveal evidence of a prohibited personnel practice.  PFR File, Tab 1.  However, absent an otherwise appealable action, the Board lacks jurisdiction over claims of prohibited personnel practices under 5 U.S.C. § 2302(b).  *See Penna v. U.S. Postal Service*, 118 M.S.P.R. 355, ¶ 13 (2012); *Wren v. Department of the Army*, 2 M.S.P.R. 1 (1980), *aff'd*, 681 F.2d 867 (D.C. Cir. 1982).

¶7        An appellant is entitled to a hearing in a case such as this one only if he makes nonfrivolous allegations of facts, which, if proven, could establish Board jurisdiction over his appeal.  *Garcia v. Department of Homeland Security*, 437 F.3d 1322, 1344 (Fed. Cir. 2006) (en banc); *see* 5 C.F.R. § 1201.4(s).  The appellant has not done so here and, therefore, we conclude that the administrative judge properly dismissed this appeal for lack of jurisdiction without holding a hearing.

**NOTICE TO THE APPELLANT REGARDING**
**YOUR FURTHER REVIEW RIGHTS**

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD: _____
Jennifer Everling
Acting Clerk of the Board

Washington, D.C.